Per Curium.
There can be no doubt, but that the sheriff is bound to pay off all judgments on record first, agreeable to their seniority ; and it had been so ruled in this court, over and over again; and it was very immaterial from what source the money arose, that came into the defendants’ hands ; whether from the sale of real, or personal estate. That in the present instance, if this general rule was departed from, it might have the effect in case of an eventual deficiency of assets, of cutting off the plaintiff, Mr. Green-zvood, from the benefit of his mortgage entirely, or driving him into equity, for relief; for if the moneys in the sheriff’s hands, were ordered to be paid over to the younger creditors, as contended for, it might happen that nothing else would be left, but the mortgaged premises, to pay off and satisfy the elder judgment creditors, which would certainly be very unjust, as the mortgage had a preference to all the younger judgments. To avoid, therefore, any injustice or delay to any of the parties, and to preserve all their just rights unimpaired, the court was unanimously of opinion, that the moneys in the sheriff’s hands, should in the first place be paid over to the prior judgment creditors, or deposited in court for their use, and the balance, if any af-terwards, be applied to the junior creditors. This would leave all the parties in the true situation where á court of equity would place them, if either of them had been forced into that court for relief.
Present, BuRKE, Gkimke, and Bay.